

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2007

# Wallace v. Wray

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wallace v. Wray" (2007). *2007 Decisions.* Paper 1677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3346

JOHN WALLACE; MARGARET WALLACE, Wife;
HEATHER WALLACE, Daughter, Child #1;
COSETTE WALLACE, Daughter, Child #2; GRACE WALLACE, Daughter, Child #3;
DANIEL WALLACE, Son, Child #4; FAITH WALLACE, Daughter, Child #5;
JOY WALLACE, Daughter, Child #6; JOSHUA WALLACE;
SAMUEL WALLACE, Son, Child #8; DAVID WALLACE, Son, Child #9;
JONATHAN WALLACE, Son, Child #10;
VICTORIA WALLACE, Daughter, Child #14

v.

CHRISTOPHER WRAY, Office of the Attorney General;
JOSHUA HOCHBERG, Office of the Attorney General;
BRUCE OHR, Office of the Attorney General;
PATRICK L. MEEHAN, United States Attorney's Office;
MRS. FARNAN, United States Attorney's Office;
ROBERT S. MUELLER, III, Federal Bureau of Investigation;
JOHN C. ECKENRODE, Federal Bureau of Investigation;
JAMES P. DOOLIN, JR., Federal Bureau of Investigation;
UNKNOWN FEDERAL DEFENDANTS

John Wallace,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-6773
(Honorable James T. Giles)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 18, 2007

Before:  SCIRICA, <u>Chief</u> <u>Judge</u>, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: February 5, 2007)

———————————

OPINION OF THE COURT

———————————

<u>PER CURIAM</u>.

Appellant John Wallace was convicted in the Lehigh County, Pennsylvania Court of Common Pleas of endangering the welfare of his children in violation of 18 Pa. Cons. Stat. Ann. § 4304.  On appeal, the Superior Court held, in a 2-1 decision, that the evidence was sufficient to support the conviction, his wife's acquittal on the same charge did not constitute an impermissibly inconsistent verdict, and the code enforcement officer was qualified to testify as an expert witness.  <u>See</u> <u>Commw. v. Wallace</u>, 817 A.2d 485 (Pa. Super. Ct. 2002).[1]  The children were removed from the care of their parents by the Lehigh County Office of Children and Youth Services ("CYS"), and adjudicated dependent by the state courts.

———————————

[1] The dissenting judge wrote:

> I believe the conviction of John Wallace is the result of an abuse of prosecutorial discretion by the district attorney in seeking a criminal solution for circumstances which are properly the subject of civil court remedies.  This ill-considered prosecution has led to a conviction where the evidence is insufficient.

<u>Id.</u> at 494 (Cavanaugh, J., dissenting).  He concluded that squalid conditions in the home alone, without evidence of physical or sexual abuse or evidence that a parent had failed to intervene to prevent abuse, death, or an imminent threat of death, could not support a conviction under the case law.  <u>Id.</u> at 495.

2

Wallace wrote to United States Attorney Patrick L. Meehan and sent him various materials, seeking a prosecution of the state court trial and appellate judges involved in the termination of his parental rights. He sent copies to the Criminal Division of the Department of Justice ("DOJ"), and he hand-delivered copies to Bernadette Farnan, the criminal duty paralegal on duty in the U.S. Attorney's Office. Wallace was advised by letter by both the U.S. Attorney's Office and the DOJ that the information he submitted did not indicate a violation of federal law. Wallace then sued these federal officials for money damages, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in United States District Court for the Eastern District of Pennsylvania, alleging that they violated his civil rights. The District Court granted the defendants' motion to dismiss, and dismissed the complaint in an order entered on June 16, 2006. Wallace appeals.

We will affirm. The complaint was properly dismissed by the District Court. The decision whether or not to initiate a federal criminal investigation or prosecute a case is completely discretionary with federal law enforcement authorities and is absolutely immunized from a suit for damages. Imbler v. Pachtman, 424 U.S. 409 (1976). All of the prosecutors – defendants Christopher Wray, Bruce Ohr, Patrick Meehan, and Joshua Hochberg – are covered by this immunity. Farnan's conduct in assisting Wallace as a walk-in visitor, and Agent Doolin's conduct in advising him that the information he submitted did not indicate a federal violation, did not violate any clearly established

3

constitutional rights of Wallace, and these individuals are therefore immunized from suit by the doctrine of qualified immunity. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Finally, liability in a civil rights action cannot be imposed absent personal involvement. <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 375-77 (1976). Wallace alleged no facts to show that Robert Mueller or John Eckenrode were personally involved in the events which gave rise to this action.

We will affirm the order of the District Court dismissing the complaint.